IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRESH & BEST PRODUCE, INC., | NO. 5:11-cv-03325 EJD (HRL) |
| Plaintiff(s), | **ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER** |
| v. | |
| MICHAEL F. WALLAU ENTERPRISES, INC., et. al., | |
| | [Docket Item No. 4] |
| Defendant(s). | |

On July 7, 2011, Plaintiff Fresh & Best Produce, Inc. ("Plaintiff") commenced the instant case under the Perishable Agricultural Commodities Act (PACA), 7 U.S.C. § 499e(c)(3), against Defendant Michael F. Wallau Enterprises, Inc. (Defendant"). Plaintiff also filed an ex parte motion for a temporary restraining order ("TRO") to enjoin Defendant from dissipating trust assets, as well as a motion for preliminary injunction and a motion consolidate the trial on the merits with the hearing on the injunction. The court notes this is Plaintiff's second ex parte request against Defendant on nearly identical facts, albeit in a new case. See Fresh & Best Produce, Inc. v. Michael F. Wallau Ent., Inc., No. 10-CV-05109-LHK, 2011 U.S. Dist. LEXIS 125201 (N.D. Cal. Nov. 12, 2010). Having reviewed this matter anew, the court agrees with its predecessor that an ex parte TRO is not justified. Accordingly, the request for a TRO will be denied, as will the request to consolidate the trial on the merits with the trial on the preliminary injunction. However, as Plaintiff

1

Case No. 5:11-cv-03325 EJD (HRL)
ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER (EJDLC1)

has presented facts which, on their face, may support injunctive relief, an expedited hearing on the motion for preliminary injunction will be held on Friday, July 15, 2011, at 2:00 p.m.

## I.   FACTUAL BACKGROUND

Since this case presents facts nearly identical to that alleged in the prior lawsuit, many are presented again here.

Plaintiff Fresh & Best Produce, Inc., is a PACA licensee that has sold perishable agricultural commodities to Defendant for the past several years. Decl. Of Chong Suk Cho in Supp. of Mot. for TRO ("Pl.'s Decl.") at ¶¶ 4, 5. Defendant is a corporation that owns three restaurants, all doing business as Mike's Café. Complaint at ¶¶ 3, 4. Plaintiff claims that from March, 2011, to May, 2011, Defendant ordered and accepted produce from Plaintiff, but failed to pay the invoices for many of those orders. Id. at ¶ 10. Defendant issued three checks totaling $15,079.33 to Plaintiff on or about August 10, 2010, to cover the produce purchased in July. Pl.'s Decl. at ¶ 11. When Plaintiff attempted to deposit the checks, the Bank informed Plaintiff that the checks would not clear due to insufficiency of funds. Id. Plaintiff contacted Defendant several times and initially was told that sufficient funds would be available. Id. When the funds did not become available, Defendant began avoiding Plaintiff's communications and did not return her calls. Id. Eventually, on October 25, 2010, two of the checks cleared. Id. at ¶ 12. However, the third check, for $4,163.93 did not clear. Id.

On November 10, 2010, Plaintiff initiated a lawsuit against Defendant to recover the unpaid invoices. Id. at ¶ 13. The lawsuit settled after Defendant appeared at a hearing on Plaintiff's request for a preliminary injunction. Id. Thereafter, Defendant began purchasing additional produce from Plaintiff, although Defendant had not yet made all payments under the prior settlement agreement. Id. Defendant then stopped paying for the additional produce and has not responded to Plaintiff's demands for payment. Id. As of June 29, 2011, Defendant owed Plaintiff $12,420.20. Id. at ¶ 6. Plaintiff now seeks an ex parte injunction to prevent Defendant from dissipating trust assets.

//

## II.   DISCUSSION

### A.   Legal Standard

PACA provides for the establishment of a statutory trust "in which a produce dealer holds produce-related assets as a fiduciary until full payment is made to the produce seller or producer." Bowlin & Son, Inc. v. San Joaquin Food Serv. (In re San Joaquin Food Serv., Inc.), 958 F.2d 938, 939 (9th Cir. 1992). "The trust automatically arises in favor of a produce seller upon delivery of produce and is for the benefit of all unpaid suppliers or sellers involved in the transaction until full payment of the sums owing has been received." C & E Enters., Inc. v. Milton Poulos, Inc. (In re Milton Poulos, Inc.), 947 F.2d 1351, 1352 (9th Cir. 1991).

Plaintiff seeks a TRO to preserve PACA trust assets. The standard for issuing a TRO is the same as that for the issuance of preliminary injunction. See New Motor Vehicle Bd. of Cal. v. Orrin W. Fox Co., 434 U.S. 1345, 1347 n.2, 98 S. Ct. 359, 54 L. Ed. 2d 439 (1977). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S. Ct. 365, 376, 172 L. Ed. 2d 249 (2008). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate (1) 'that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009) (citing Winter, 129 S. Ct. at 374). As a corollary to this test, the Ninth Circuit has also found a preliminary injunction appropriate if "serious questions going to the merits were raised and the balance of the hardships tips sharply in the plaintiff's favor," thereby allowing preservation of the status quo where complex legal questions require further inspection or deliberation. Alliance for the Wild Rockies v. Cottrell, 622 F.3d 1045, 1049 (9th Cir. 2010).

Since Plaintiff's request appears ex parte, two further requirements must be satisfied pursuant to Federal Rule of Civil Procedure 65. The moving party must put forth "specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or

3
Case No. 5:11-cv-03325 EJD (HRL)
ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER (EJDLC1)

damage will result to the movant before the adverse party can be heard in opposition," and counsel for the moving party must certify in writing "any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P 65(b)(1).  There are "a very narrow band of cases in which ex parte orders are proper." Reno Air Racing Assoc., Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006).

**B.     Analysis**

Plaintiff argues that Defendant will "dissipate its trust assets by paying personal liabilities or non-trust creditors" unless an ex parte TRO is issued.  There is precedent for such an order in this district. See, e.g., Chong's Produce, Inc. v. Meshaal, No. C 09-4787, 2009 U.S. Dist. LEXIS 98452 (N.D. Cal. Oct. 9, 2009); Inn Foods Inc. v. Turner Mead LLC, No. C 07-00649, 2007 U.S. Dist. LEXIS 97548 (N.D. Cal. Feb. 9, 2007).   In this case, however, Plaintiff has not demonstrated that immediate dissipation of trust assets will occur if Defendant is first notified and heard in opposition. While Defendant's apparent pattern of non-payment and avoidance of obligations - even after a prior lawsuit on this same issue - is of concern to the court, most of Plaintiff's allegations have been previously rejected as insufficient for an ex parte TRO. Fresh & Best Produce, Inc., 2011 U.S. Dist. LEXIS at *7-10. Moreover, Plaintiff's more recent allegations are obviated by the same reasons previously recognized.  Indeed, while Plaintiff states that Defendant "very soon stopped paying" after purchasing additional produce in March, 2011, the invoices attached to Plaintiff's declaration demonstrate that Defendant has made three payments totaling $9,487.19 in April and May, the most recent payment having posted on May 31, 2011. Pl.'s Decl. at ¶14, Ex. A.  In fact, the invoices indicate that Defendant paid the entirety of the outstanding balance for March. Id. at Ex. A.  Now, as previously, this recent payment history does not support Plaintiff's contention that Defendant will immediately dissipate trust assets.  In addition, it cannot be found on this limited showing that Defendant's financial condition is such that dissipation will occur before a hearing, especially when the hearing is set on shortened time.

In light of the discussion above, the court finds Plaintiff has not met its burden to show

1 "immediate and irreparable" loss absent an ex parte order. Accordingly, the court declines
2 Plaintiff's request.

### III.  ORDER

Based on the foregoing:

1. Plaintiff's ex parte motion for a TRO is DENIED;

2. Plaintiff's motion to consolidate the trial on the merits with the hearing on the preliminary injunction is DENIED as doing so would be highly prejudicial to Defendant, who has no notice of this proceeding;

3. Plaintiff is ordered to immediately serve Defendant with the summons, complaint, and all other documents filed in this case. Such service shall be effected no later than close of business on Monday, July, 11, 2011;

4. Defendant shall file an opposition to Plaintiff's motion for preliminary injunction no later than 4:00 p.m. on Wednesday, July 13, 2011, at 4:00 p.m. Plaintiff may file a reply no later than 4:00 p.m. on Thursday, July 14, 2011, at 4:00 p.m.; and

5. The hearing on Plaintiff's motion for preliminary injunction shall be held on Friday, July 15, 2011, at 2:00 p.m. in Courtroom 1, 5th Floor, at the United States District Court located at 280 S. 1st Street in San Jose.

IT IS SO ORDERED.

Dated: July 7, 2011

EDWARD J. DAVILA
United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Susan E. Bishop sbishop@prattattorneys.com

**Dated:  July 7, 2011**                                              **Richard W. Wieking, Clerk**

                                                               **By:   /s/ EJD Chambers**
                                                                        **Elizabeth Garcia**
                                                                        **Courtroom Deputy**

**United States District Court**
For the Northern District of California

Case No. 5:11-cv-03325 EJD (HRL)
ORDER DENYING EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER (EJDLC1)